# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| **JAMES V. BROWN,** | : | **Case No. 1:25-cv-362** |
| | : | |
| **Petitioner,** | : | |
| | : | |
| **vs.** | : | **Judge Michael R. Barrett** |
| | : | |
| **WARDEN, LONDON** | : | **Magistrate Judge Kimberly A. Jolson** |
| **CORRECTIONAL** | : | |
| **INSTITUTION,** | : | |
| | : | |
| **Respondent.** | : | |

---

## ORDER AND REPORT AND RECOMMENDATION

---

Petitioner, an inmate in state custody at Alvis House[1] in Chillicothe, Ohio, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 8). Because Petitioner's direct appeal from the criminal judgment he seeks to challenge remains pending, the Undersigned **RECOMMENDS** that this habeas corpus action be **DISMISSED without prejudice** for failure to exhaust available state-court remedies. The Undersigned **further ORDERS** that Petitioner's "Motion of Understanding and Clarification" (Doc. 11) is **GRANTED**.

## I.     MOTION OF UNDERSTANDING AND CLARIFICATION

Beginning with the latter, Petitioner seeks clarification of the screening standard that will be applied to his Petition by virtue of his having sought and received permission to proceed without prepayment of fees. (Doc. 11). His motion is **GRANTED** so that the Court may provide that clarification. In short, his Petition will not be subjected to any different standard of review.

---

[1] Petitioner was previously incarcerated at the London Correctional Institution. (Doc. 13).

Petitioner appears to question why, if monies from his prison trust account have been collected and applied to the filing fees in this case and a companion prisoner civil rights case (Case No. 1:25-cv-176), his habeas petition and civil rights complaint are being subjected to a screening process that is reserved for complainants deemed *in forma pauperis*, which he contends he no longer is. The short answer is that his habeas petition is not being subjected to any different standard. The Prison Litigation Reform Act that requires a prisoner who files a civil rights action, over time and as he is able, to pay the full filing fee, does not apply to habeas corpus actions. In other words, a habeas petitioner who seeks and receives permission to proceed without the prepayment of the $5 fee is not required thereafter to pay the full fee. And every habeas corpus petition is reviewed in accordance with the same statutory and constitutional standards without regard to whether the filing fee was paid.

## II.    PETITION

Next, Petitioner challenges a criminal judgment issued by the Highland County Court of Common Pleas. (Doc. 8, at 52). Because Petitioner's direct appeal was pending (and remains pending), the Court directed Petitioner to show cause why his Petition should not be dismissed without prejudice for Plaintiff's failure to exhaust his available state-court remedies. (Doc. 9, at 3–4).

Petitioner's response argues that his efforts to appeal the criminal judgment against him have been delayed, obstructed, and/or ignored by the state courts. (Doc. 10 at 143–45). He suggests that some of his filings were delayed by mail-room irregularities at London Correctional Institution, where he was incarcerated when he initiated his appeals of the criminal judgment against him. (*Id*. at 143–44). Primarily he asserts that the state trial and appellate courts have

refused to act on any of his requests for relief, including his motion to appoint counsel.  (*Id*. at 145).  After re-arguing the merits of his claims (*id*., at 146–47), Petitioner circles back to reiterate that his efforts to prosecute his state-court appeal are being obstructed, delayed, and/or ignored (*id*. at 147–48).  Petitioner's allegations are belied by publicly available judicial records.

The statute governing habeas corpus petitions filed by state prisoners contains an exhaustion requirement.  28 U.S.C. § 2254(b)–(c).  Specifically, the statute provides that an application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his or her state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the petitioner's rights.  28 U.S.C. § 2254(b)(1).  A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts.  *See Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971).  Under the "fair presentation" requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which includes discretionary review in the Supreme Court of Ohio.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842–43 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  Additionally, in Ohio, claims that do not appear on the face of the trial record must be presented to the state courts in a petition for postconviction relief pursuant to Ohio Rev. Code Ann. § 2953.21, or, if untimely and/or successive, Ohio Rev. Code § 2953.23.  *See Brown v. Bobby*, No. 4: 07-cv-239, 2008 WL 4114317 (N.D. Ohio Aug. 28, 2008) (citing *State v. Perry*, 10 Ohio St. 2d

3

175, 178 (1967)); *Hill v. Mitchell*, No. 1:98-cv-452, 2006 WL 2807017, at *43 (S.D. Ohio Sep. 27, 2006) (citing *State v. Cole*, 2 Ohio St. 3d 112 (1982)).

If a petitioner fails to fairly present his claims through the requisite levels of state appellate review, but still has an avenue open to him in the state courts by which he may present the claims, then his petition is subject to dismissal without prejudice for failure to exhaust state remedies. 28 U.S.C. § 2254(c). Although the exhaustion requirement is not jurisdictional, and an application for habeas corpus relief may be denied on the merits despite the petitioner's failure to exhaust, 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring the exhaustion of state remedies. *See Granberry v. Greer*, 481 U.S. 129, 131 (1987). Additionally, while the exhaustion requirement may be excused where the available state court process is incapable of resolving the petitioner's claims, 28 U.S.C. § 2254(b)(1)(B)(ii); *Johnson v. Bauman*, 27 F.4th 384, 388–89 (6th Cir. 2022), Petitioner here fails to demonstrate such futility.

In this case, Petitioner challenges a criminal judgment issued by the Highland County Court of Common Pleas. (Doc. 8, at 52). As was the case when the Court issued its order to show cause, review of publicly available online records from the Highland County Clerk of Courts demonstrates that Petitioner's direct appeal to the Ohio Court of Appeals for the Fourth Appellate District remains pending as of the date of this Order.[2] In fact, Petitioner has three different appeals pending in the state appellate court challenging the criminal judgment(s) against him, to wit: Case Numbers 25CA0010, 25CA0016, and 25CA0018. And in the five weeks since Petitioner filed his

---

[2] Viewed at https://eaccess.hccpc.org/eservices/searchresults.page?x=d7QKevUegKm9cFB-Gey1e2yEcPgY6zEpIuwAd*3sAab9Sd5lpSXOFy4*fCefyWkm4r9s8YrgUeT7CcdJelwGRw  Public Records search under Petitioner's name, James Brown and Case No. 25CA0010. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

response to the Court's show cause order, the appellate court dockets reflect that transcripts have been ordered, motions have been ruled on, and counsel has been appointed.  In short, Petitioner's assertions of obstruction, delay, and inaction are not supported by publicly available judicial records.

Accordingly, because Petitioner has not completed the direct appeal of his convictions and sentence, his Petition should be dismissed without prejudice.

## III.   CONCLUSION

It is **ORDERED** that the Motion for Clarification (Doc. 11) is **GRANTED**.

It is **RECOMMENDED** that the instant petition be **DISMISSED**, **without prejudice**, for failure to exhaust available state-court remedies before applying for federal habeas corpus relief.

**IT IS SO ORDERED AND RECOMMENDED.**

Date: September 3, 2025                    /s/Kimberly A. Jolson
                                           KIMBERLY A. JOLSON
                                           UNITED STATES MAGISTRATE JUDGE

## <u>PROCEDURE ON OBJECTIONS</u>

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo and operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.3d 947 (6th Cir. 1981). The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.